UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-0914 FMO (MAAx)** | Date | **May 8, 2019** |
| Title | **Pedro V Espinoza Alberto, et al. v. Ford Motor Company, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On December 31, 2018, Pedro V. Espinoza Alberto and Nancy T. Espinoza (collectively, "plaintiffs") filed a Complaint in the Los Angeles County Superior Court against Ford Motor Company ("Ford") and Cerritos Ford, Inc., dba Norm Reeves Ford Superstore/Norm Reeves Lincoln ("Norm") (collectively, "defendants"). (See Dkt. 1-1, Complaint at ¶¶ 2-4). Plaintiffs asserted a claim for negligent repair against Norm. (See id. at ¶¶ 16-20). On February 6, 2019, Ford removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, Notice of Removal ("NOR") at 2). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo.

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-0914 FMO (MAAx) | Date | May 8, 2019 |
|---|---|---|---|
| Title | Pedro V Espinoza Alberto, et al. v. Ford Motor Company, et al. | | |

Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiffs could not have originally brought this action in federal court, as plaintiffs do not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiffs appear to be citizens of California. (See Dkt. 1-1, Complaint at ¶ 2). Ford has shown that it is not a citizen of California. (See Dkt. 1, NOR at ¶ 6). Norm, however, appears to be a citizen of California. (See Dkt. 1-1, Complaint at ¶ 4) ("Defendant Norm Reeves Ford, is and at all relevant times was a California Corporation . . . with its principal place of business in the City of Cerritos, County of Los Angeles, and State of California.") (capitalization omitted). Ford asserts, however, that Norm is a sham defendant who was fraudulently joined, and that therefore its citizenship should be disregarded for purposes of diversity jurisdiction. (See Dkt. 1, NOR at ¶¶ 9-18).

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Comput. Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944) (footnote omitted); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). The defendant must show by "clear and

---

[2] Ford seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-0914 FMO (MAAx)** | Date | **May 8, 2019** |
|---|---|---|---|
| Title | **Pedro V Espinoza Alberto, et al. v. Ford Motor Company, et al.** | | |

convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted).  Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotation marks omitted).

The court finds that Ford has failed to meet its "heavy burden" of showing by clear and convincing evidence that plaintiffs do not have a colorable claim against Norm.  Ford contends that plaintiffs' claim against Norm fails because it consists of "four paltry, bare allegations" that are insufficient to make out a cause of action.  (See Dkt. 1, NOR at ¶ 12).  However, this is not enough to establish that plaintiffs cannot state a claim against Norm.  In other words, because there exists the possibility that Norm could salvage its negligent repair claim through amendment (e.g., by pleading more facts to support its claim), the court is unable to conclude that Norm is a sham defendant.  See Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that Dr. Chen and Ballard are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant.]").

Moreover, the court is unpersuaded that California's economic loss rule would necessarily vitiate plaintiffs' negligence claim against Norm.  (See Dkt. 1, NOR at ¶ 16).  The economic loss rule provides that "[w]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only economic losses." State Ready Mix, Inc. v. Moffatt & Nichol, 232 Cal.App.4th 1227, 1232 (2015) (internal quotation marks omitted).  However, the economic loss rule has several exceptions, one of which is for "cases involving . . . physical damage to property[.]" Body Jewelz, Inc. v. Valley Forge Ins. Co., 241 F.Supp.3d 1084, 1092 (C.D. Cal. 2017).  Here, where plaintiffs allegedly "delivered [their vehicle] to Norm Reeves Ford for repair on numerous occasions," and where Norm subsequently failed "to use ordinary care and skill" when it stored and repaired this vehicle, the court is unable to conclude that the economic loss rule bars plaintiffs' claim against Ford.  (See Dkt. 1-1, Complaint at ¶¶ 17 & 19) (capitalization omitted).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-0914 FMO (MAAx)** | Date | **May 8, 2019** |
|---|---|---|---|
| Title | **Pedro V Espinoza Alberto, et al. v. Ford Motor Company, et al.** | | |

resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Ford has met its burden of showing that Norm was fraudulently joined. Because Norm appears to be a citizen of California, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. All pending motions are denied as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |